*CLOSED*

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| T.M., | : | Civil Action No. 22-06579 |
|  | : |  |
| Plaintiff, | : |  |
|  | : | OPINION |
| v. | : |  |
|  | : |  |
| COMMISSIONER OF | : |  |
| SOCIAL SECURITY, | : |  |
| Defendant. | : |  |
|  | : |  |
|  | : |  |

CHESLER, District Judge

This matter comes before the Court on the appeal by Plaintiff T.M. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 78.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning November 8, 2018. A hearing was held before ALJ Sharon Allard (the "ALJ") on May 13, 2021 and the ALJ issued an unfavorable decision on August 30, 2021. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In decision of August 30, 2021, the ALJ found, at step two, that Plaintiff had severe impairments of epilepsy, neurocognitive disorder, and obesity. At step three, the ALJ found that Plaintiff's condition did not meet the requirements of any of the Listings of Impairments. At step four, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform simple and routine tasks at the sedentary level with specific exertional and non-exertional limitations. Finally, at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed, and the case remanded, based on three core arguments. First, according to Plaintiff, at step three, the ALJ erred in finding that Plaintiff's condition did not meet the requirements of any of the Listings of Impairments. Second, Plaintiff argues that the ALJ failed to give controlling weight to the opinions of Plaintiff's treating physicians. Third, Plaintiff contends that the ALJ's RFC determination was not supported by substantial evidence and as a result, the vocational testimony was fundamentally flawed.

In reviewing the ALJ's determination, this Court must affirm the Commissioner's final decision if it is "supported by substantial evidence." 42 U.S.C. § 405(g). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011). Further, on appeal, Plaintiff carries twin burdens of proof. First, Plaintiff bears the burden at the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Second, Plaintiff bears the burden of showing not merely that the Commissioner erred, but also that the error was harmful. Shinseki v. Sanders, 556 U.S. 396, 409 (2009). At the first four steps, this requires that Plaintiff show that, but for the error, she

might have proven her disability.  In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

First, Plaintiff argues that the ALJ erred in determining that Plaintiff's condition does not meet the requirements of the Listings of Impairments.  To persuade the Court that the Commissioner committed harmful error at step three, Plaintiff must muster the evidence and demonstrate that there is evidence of record that supports the conclusion that she met every requirement of a Listing.  In the absence of such a demonstration, under Shinseki, the Court cannot conclude that any error was harmful. Plaintiff has failed to do so here.  Plaintiff contends specifically that the ALJ came to the wrong conclusion on Listing 11.02B (epilepsy).  Plaintiff argues that 11.02B, which requires "Dyscognitive seizures (see 11.00H1b), occurring *at least once a week* for at least 3 consecutive  months (see 11.00H4) despite adherence to prescribed treatment," is met here.  (Pl.'s Br. at 23) (emphasis added).  In support of her argument, Plaintiff states, "Exhibits B10F, B11F, B12F, and B14F, provided explicit evidence that the plaintiff had recurring seizures lasting *at least once [a] month*."  (Id.) (emphasis added).  This evidence plainly does not match up with the requirements of 11.02B, and seems to confuse a weekly requirement with a monthly requirement.  Moreover, the ALJ's discussion of the frequency of Plaintiff's seizures provides ample evidence that the once per week criterion is not satisfied.  (See Tr. at 38). Accordingly, Plaintiff has failed to show that the ALJ committed harmful error at step three, in the finding that Plaintiff did not meet the requirements of Listing 11.02B.

Second, Plaintiff appears to argue that the ALJ erred by not giving "controlling weight" to the opinion of treating physician, Dr. Ibrahim.  (See Mot. at 27).  In so doing, Plaintiff misstates the law.  For claims filed on or after March 27, 2017, as is the case here, ALJs are not required to

3

give controlling weight to the opinions of treating physicians.  Instead, the ALJ evaluates the persuasiveness of each of the medical opinions contained in the record.  See 20 C.F.R. § 416.920c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources.")  Accordingly, any argument that the ALJ erred by failing to give controlling weight to the opinion of a treating physician must fail.

Finally, Plaintiff argues that the ALJ's RFC determination is erroneous because the ALJ failed to properly explain her decision to disregard the opinion of Dr. Ibrahim, which stated that Plaintiff "could not work" and because the RFC determination that Plaintiff could perform work at the sedentary level is not supported by substantial evidence.[1]  (Pl.'s Br. at 25-32).

Dr. Ibrahim issued two opinions in which she stated that Plaintiff had frequent seizures and was unable to work.  (Tr. at 380; 461). Dr. Ibrahim also found several functional limitations including only being able to sit for 30 minutes at a time, and for no more than two hours in a full workday, being able to stand for 30 minutes at a time, needing to take unscheduled breaks every two hours for 30 minutes, and only being able to carry items of five pounds or less.  She also noted that too much activity or increased stress could provoke seizures. (Tr. at 469-481).  Plaintiff argues that the ALJ disregarded this information without sufficient justification.  This Court disagrees.

Under the relevant regulations, The ALJ was required to articulate her determination of the persuasiveness of Dr. Ibrahim's opinion, with a focus on its supportability and consistency. See

---

[1] Plaintiff also nominally makes a challenge to the hypothetical question posed to the vocational expert at step five, (Pl.'s Br. at 30) ("The ALJ hypothetical did not take into consideration the full extent of the plaintiff's limitations as noted in the substantial evidence of record, specifically in the Medical Assessments completed by her medical providers given her age, education, and work history"), but this is better understood as a mere extension of Plaintiff's challenge to the ALJ's RFC determination.  See Rutherford v. Barnhart, 399 F.3d 546, 554 n.8 (noting that certain challenges to the questions posed to the vocational expert are "really best understood as challenges to the RFC assessment itself.").

20 C.F.R. § 404.1520(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions. . . The factors of supportability. . . and consistency. . . are the most important factors we consider."). Further, the ALJ "need not reiterate the magic words 'support' or 'consistent' for each doctor," and may "weave [discussion of] supportability and consistency through her analysis of which doctors were more persuasive." Zaborowski v. Comm'r of Soc. Sec., 115 F.4th 637, 639 (3d Cir. 2024).

In her opinion, the ALJ recognized that Dr. Ibrahim indicated that Plaintiff has frequent seizures and could not, in her medical opinion, work in any capacity. (Tr. at 40). Further, the ALJ took full stock of the various functional limitations noted by Dr. Ibrahim. (Id.). The ALJ found, however, that this opinion was neither consistent with, nor supported by, the record (including evidence from other medical sources) or even with Dr. Ibrahim's own treatment history with Plaintiff. (Id. at 40-41). For example, the ALJ noted that in two different opinions, Dr. Ibrahim had articulated two different conclusions about the weight that Plaintiff could carry or lift—initially nine pounds, then later five pounds—but that nothing in the record, nor in Dr. Ibrahim's own assessments, justified that switch. (Id.). Further, the ALJ analyzed the various other functional limitations assessed by Dr. Ibrahim, including limitations on sitting, standing, and walking. She noted that Dr. Ibrahim failed to provide "a nexus between the limitations and [Plaintiff]'s seizure disorder" and that "[t]he record does not show any neurological dysfunction, incoordination, reduction in strength, imbalance or impairment in gait" that could produce such limitations. (Id.). The ALJ's determination that Dr. Ibrahim's functional conclusions were not adequately supported by her clinical observations is supported by substantial evidence (the observed absence of nexus). Accordingly, the ALJ reasonably determined that Dr. Ibrahim's opinion was unpersuasive, pursuant to 20 C.F.R. § 404.1520(b).

Additionally, Plaintiff argues that the RFC determination was not based on substantial evidence because the ALJ, "disregard[ed] the effect of her seizure condition on her ability to sit, stand, walk, remember, and concentrate." (Pl.'s Br. at 29). But Plaintiff does not point to any specific evidence of limitations to these functions. Further, the ALJ bolstered her RFC determination with medical evidence of record. For example, the ALJ credited the opinion of consultative examiner Dr. Tolchin which found that Plaintiff had only "mild cognitive impairment secondary to epilepsy but was able to follow and understand simple directions and instructions and perform simple tasks independently." (Tr. at 40; Tr. at 403-405). In short, the ALJ's RFC determination is indeed supported by substantial evidence.[2]

Finally, the Court notes that Plaintiff repeatedly asserts that the ALJ ignored or disregarded substantial evidence of disability in coming to her conclusion. (See Pl.'s Br. at 21, 27, 30, 32). But this is not how the substantial evidence standard functions. Rather, this Court reviews the ALJ's decision to determine if her determination is supported by substantial evidence, not whether she disregarded substantial evidence. See Chandler, 667 F.3d at 359. Here, as stated above, her decision was supported by substantial evidence.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that she was harmed by any errors. Plaintiff has not shown that the ALJ made any material and prejudicial error and has made no demonstration of prejudice as required by Shinseki. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

Dated: March 10, 2026

s/Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

---

[2] In another attack on the ALJ's RFC determination, Plaintiff states that the ALJ did not include any non-exertional limitations in her opinion. This is wrong on the facts. The RFC limitation of "simple and routine tasks" us a non-exertional limitation. Accordingly, any argument to this effect fails.